IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SHEILA CORBIN**, | Case No. 3:20-cv-1877-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **CINDY BAILEY**, *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on March 2, 2023. Judge You recommended that this Court Grant Defendants' motions for summary judgment.

    Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff sent an email that she identified as a "rebuttal to motion for summary judgment." The Court construed this email as Plaintiff's objections to the Findings and Recommendation and filed it in the docket. ECF 111. Plaintiff's email, however, does not raise any bases or argument for an objection. Plaintiff raises a discussion from her deposition relating to "the KKK question." That issue, however, was not part of Judge You's opinion. Plaintiff also reiterates her concerns that she and her family are in grave danger and repeats her request that Defendants Bailey and Washington County not be permitted to hurt Plaintiff or her family. Plaintiff's only comment relating to the Findings and Recommendation is a vague comment that she is "not shocked" that the magistrate judge ruled against Plaintiff because "every single race in America thinks they're better than Black people" so "nothing is surprising." That, however, is not a specific objection. A "general" objection to a Findings and Recommendation does not meet the "specific written objection[]" requirement of Rule 72(b) of the Federal Rules of Civil Procedure.

*See, e.g.*, *Velez-Padro v. Thermo King de Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006). Accordingly, the Court considers the Findings and Recommendation to be without objection.

Considering the Findings and Recommendation to be without objection, this Court follows the recommendation of the Advisory Committee and reviews it for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge You's Findings and Recommendation, ECF 106. The Court GRANTS Defendant Oregon Department of Human Services' Motion for Summary Judgment, ECF 81. The Court also GRANTS Defendants Cindy Bailey and Washington County's Motion for Summary Judgment, ECF 84.

**IT IS SO ORDERED.**

DATED this 5th day of July, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge